**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PRESILUS PROPHETE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:05cv912(WWE) |
| | : | |
| ED MITCHELL, INC., | : | |
| Defendant. | : | |

## RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Presilus Prophete alleges that defendant Ed Mitchell Inc. is liable for disparate treatment and retaliation in violation of Title VII.

Defendant has moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the motion to dismiss will be denied.

## BACKGROUND

The following background is reflected in the allegations of the complaint, which are taken as true for purposes of ruling on this motion to dismiss.   Plaintiff is a black male of Haitian descent who worked for defendant as a presser from 1994 until his termination on March 14, 2004.

Dominick Condoleo worked for defendant as a manager.  He perceived of plaintiff as a practitioner of the religion of Voodoo due to plaintiff's national origin of Haiti.

On several occasions in 1997, defendant requested that plaintiff not report to work.  Defendant made no such requests of any other members of plaintiff's team.

In 2001, plaintiff became subject to intimidation, harassment and physical attacks by a co-worker.  He reported these attacks to the police and to his direct

supervisor, the business owner and the vice president.  Nevertheless, plaintiff asserts

that no appropriate measure was taken to stop or correct the behavior of this co-worker.

On March 14, 2003, plaintiff attended a meeting with Condoleo in which plaintiff

discussed the incidents involving his co-worker and his fear of returning to work with

that individual.  After the meeting, plaintiff was told that he should return to work the

next day.  However, that same day, defendant sent him a letter terminating his

employment.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the

complaint, not to assay the weight of the evidence which might be offered in support

thereof."  Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774,

779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-

pleaded allegations as true and draw all reasonable inferences in favor of the pleader.

Hishon v. King, 467 U.S. 69, 73 (1984).  A complaint should not be dismissed unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Prima Facie Disparate Treatment Claim

Defendant urges dismissal of this action, arguing that plaintiff has not properly

pleaded the elements of his prima facie Title VII case.   Most recently, the Second

Circuit, following Swirkiewicz v. Sorema, N.A., 534 U.S. 506 (2002), confirmed that a

plaintiff need not establish a prima facie case of discrimination in the complaint in order

to survive a motion to dismiss.  Leibowitz v. Cornell University, 445 F.3d 586 , 2006 WL

1046212 (2d Cir. 2006).   The Title VII prima facie case is an evidentiary standard, not a

pleading requirement.  Swierkiewicz., 534 U.S. at 510.  In this instance, plaintiff's

allegation that his termination was based on discriminatory animus towards his race,

color and national origin has sufficiently satisfied the notice pleading standard of Federal

Rule of Civil Procedure 8(a).  The motion to dismiss will be denied on this basis.

Retaliation

Similarly, defendant argues that plaintiff has failed to allege the prima facie

elements of retaliation claim pursuant to Title VII, namely, that he engaged in protected

activity that triggered the alleged retaliation.

Plaintiff's complaint sets forth only that he was subjected to retaliation pursuant to

Title VII.  Consistent with Leibowitz, the Court will not require plaintiff to establish the

prima facie elements of his retaliation claim in his complaint.  Plaintiff's complaint is

vague, but he has given defendant adequate notice of the nature of his claim.  The

Court will leave him to his proof on summary judgment.

Unexhausted Allegations of Discrimination

Defendant requests the Court to dismiss plaintiff's claim of disparate treatment

based on failure to exhaust his administrative remedies.  Specifically, defendant

complains that plaintiff's memorandum and complaint assert the following claims that

were not previously alleged in his administrative charges or proceedings: (1) that

similarly situated employees were treated differently with regard to his working

conditions; (2) that similarly situated employees were treated differently with regard to

termination; and (3) that he was retaliated against for protected activity.

To sustain a claim for unlawful discrimination under Title VII, a plaintiff must file

administrative charges with the EEOC within 300 days of the alleged discriminatory acts.

Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d Cir. 2000); 29 U.S.C. § 626(d)(2) (establishing 300-day time bar for ADEA claims).  However, "an employer performs a separate employment practice each time it takes adverse action against an employee, even if the action is simply a periodic implementation of an adverse decision previously made."  Elmenayer v. ABF Freight System, Inc., 318 F.3d 130, 134 (2d Cir. 2003).

A court should consider only those allegations that were either included in the original charge of discrimination or that occurred subsequent to that charge.  Butts v. City of New York Dep't of Hous. Pres. and Dev., 990 F.2d 1397, 1401 (2d Cir.1992). The exhaustion requirement exists to afford the administrative agency the opportunity to investigate, mediate, and take remedial action.  Stewart v. United States Immigration and Naturalization Service, 762 F. 2d 193, 198 (2d Cir. 1985).   The Second Circuit has "recognized three kinds of situations where claims not alleged in the EEOC charge are sufficiently related to the allegations in the charge": (1) where the complained of conduct is within the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination; (2) where the alleged conduct would constitute retaliation for filing a timely EEOC charge; or (3) where the alleged conduct constitutes further incidents of discrimination perpetrated in precisely the same manner as that alleged in the EEOC charge.  Butts, 990 F.2d at 1402-03.

Plaintiff argues that his allegations of disparate treatment are reasonably related to the administrative charge consonant with the first exception articulated in Butts. Plaintiff's administrative complaint alleged that his employer perceived of him as a practitioner of Voodoo, and detailed his efforts to have his employer resolve the harassment.  It also claimed that he was denied "equal terms and conditions of

employment" due to his religion, national origin, race and color.  His amended administrative complaint asserts that defendant's conduct constituted "harassment, retaliation, and led to Complainant's constructive discharge from Respondent's employ."

Plaintiff's treatment relevant to his termination as compared to similarly situated individuals is integral to his proof of disparate treatment and, therefore, is inherently within the scope of the administrative investigation into plaintiff's complaint.  Further, plaintiff's administrative pleading refers to both unequal treatment at work and retaliation.  Accordingly, the Court will deny the motion to dismiss on the basis of unexhausted claims.  However, the Court will order plaintiff to amend his complaint to clarify whether he is asserting claims of disparate treatment at work and in the termination process, and retaliation.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss [doc. # 6] is DENIED. Plaintiff is ordered to amend his complaint consonant with this Ruling within 10 days of this ruling's filing date.


_____/s/_____

Warren W. Eginton
Senior U.S. District Judge


Dated this 14th day of June, 2006 at Bridgeport, Connecticut.